# Kurtz *v.* Farrell.

*Equity—Decree pro confesso—Setting aside decree.*
While the courts exercise considerable liberality in the disposition of a motion to set aside a decree pro confesso, particularly where a meritorious defense is sought to be set up, yet the motion is not to be granted as matter of course, but only upon cause shown. If the lower court finds that the defendant has been guilty of a default of an aggravated character, and that the special defense set up with a motion to take off the decree, has been previously adjudicated, the appellate court will not interfere with an order refusing to strike off the decree pro confesso.

Argued May 3, 1910. Appeal, No. 115, April T., 1910, Fifth District, by Knights of Pythias Lodge No. 493, from order of C. P. Jefferson Co., Nov. T., 1907, No. 3, refusing to strike off decree pro confesso in case of T. M. Kurtz et al. v. Laura Farrell et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Motion to strike off decree pro confesso.

REED, P. J., filed the following opinion:

This is an application to strike off the order whereby the bill in this case was taken pro confesso, and to permit the defendant to file its answer to said bill. The matter of the bill was decreed by the court ex parte at the time the bill was taken pro confesso, but no objection is made to the form of the decree, and the allegations of the bill fully warrant and support the same. This decree, however, was not formally served on the defendant, but I believe the defendant's counsel had notice of the same at the time it was entered. The court, however, is not asked to set the decree aside for want of notice, or because of any objection to the matter thereby adjudicated or the form of its adjudication, but is asked to strike off the order or decree directing the bill to be taken pro con-

fesso so that the defendant may have the opportunity of filing an answer and of being heard on the merits of the case.

This bill was served on the defendant September 9, 1907, and was taken pro confesso, for want of an answer, May 17, 1909. There were a number of these bills filed relating to different series of stock in the plaintiff association. The first one was filed in 1904, relating to the sixth series, and, after a full hearing on the bill and answer, and testimony taken in support of the allegations and averments thereof, a final decree was entered in favor of the plaintiffs, June 27, 1907, in accordance with the prayers of said bill. This was followed by the filing of other bills, including the one now under consideration, in which the plaintiffs and defendants were represented by the same counsel. After the determination of the bill filed at No. 4 of August Term, 1904, the counsel representing the parties, January 3, 1908, submitted the bill filed at No. 7 of August Term, 1905, on an agreement of facts, which were substantially, and so far as material, the same state of facts found by the court, after full hearing and investigation had, in the case at No. 4 of August Term, 1904. The counsel executing this agreement reserved the right of appeal to an appellate court from the judgment of this court, and expressly stated that it was in order that the "questions involved may be settled in this case without having to take an appeal in each of the several cases brought and now pending in the Court of Common Pleas of Jefferson County, wherein similar questions are in controversy." This last mentioned case was finally determined by the Superior Court, May 21, 1909: Kurtz v. Bubeck, 39 Pa. Superior Ct. 370.

The defendant was in default from thirty days after the bill was served, which was September 9, 1907. The judgment pro confesso was taken May 17, 1909, and this motion to strike it off was not made until June 28, 1909. There is no explanation made, nor excuse offered for this long delay in filing an answer. One was presented and

filed with the motion to strike off, and in the motion it is stated that the answer "sets up a special defense, not heretofore set up in any of the cases, and which defense is particularly a special defense for the said defendant Lodge." If I were satisfied that the defendant had a special defense that had a reasonable chance of prevailing, I would be disposed to relieve it from the consequences of its default, although of a rather aggravated character, if I could find any legal or equitable excuse for doing so. But a careful consideration of the answer presented leaves no doubt in my mind that all its material averments have been adjudicated in the cases heretofore decided and referred to. The new matter averred, which it is alleged constitutes a special defense, not heretofore set up in the cases passed upon, consists (1) in an averment that it was represented by the "secretary and officers of said association duly authorized to represent it in the sale of its stock" that the stock of the fifteenth series would mature in eight years, which proved to be incorrect. This representation, of course, was at most but an expression of opinion, and could not be held binding or obligatory on the association; (2) that it was further represented that by the payment of $90.00 per share in advance that said sum would fully pay the stock to its maturity, and that no further payments would be required. If it is intended to aver, as it evidently is, that the defendant had a special contract with the plaintiff association by which it was to get its stock for $90.00 per share, paid in advance, it is only necessary to say that such contract was ultra vires, and of no binding effect. The defendant very properly treated these alleged representations as of no binding force by continuing to pay the monthly dues on its stock for a period of thirty months after the expiration of the eight years in which it was to be matured by the payment of $90.00 in advance, as appears by subsequent averment of its answer. The allegations that the plaintiff association acted fraudulently and wrongfully in the manner of conducting its business,

358          KURTZ v. FARRELL.

Opinion of Court below—Opinion of the Court.    [44 Pa. Superior Ct.

and in not disclosing to the defendant the true situation of its financial condition, etc., are not new or special in this case, or to this defendant. They are merely a rehash of what has been already considered and passed upon in the former cases. The fact that they may be dressed in a different garb does not change their character, or add to their potency in defeating the right of the plaintiffs to have refunded any excess payments made to the defendant on its stock.

An order that the bill be taken pro confesso, on failure to file an answer within thirty days after service of the bill, is as of course. The fact, however, that such order is granted on application to the court, as in this case, neither adds to nor takes from its efficiency in the accomplishment of its purpose. The motion made to the court May 17, 1909, for judgment pro confesso, etc., and the order of the court thereon, must at least be treated and given the effect of an order entered as of course in the cause, that the bill be taken pro confesso, and inasmuch as there is nothing in the present motion, or answer accompanying the same, to warrant the court in striking it off, and for the further reason that I am of the opinion that to do so would only add costs for the defendant to pay, I am constrained to let it stand.

And now, October 4, 1909, the motion to strike off the order or decree that the bill be taken pro confesso is refused.

*Error assigned* was the order of the court.

*H. Clay Campbell*, for appellant.

*W. W. Winslow*, with him *J. L. Fisher* and *C. Z. Gordon*, for appellees.

Opinion by Rice, P. J., October 10, 1910:

The bill in equity in this case was filed to November Term, 1907, of the court of common pleas of Jefferson

county. The docket entries in the case are not printed in the appellant's paper-book, but it is stated in the opinion of the learned judge of that court, and is undisputed, that the bill was served on September 9, 1907. Nor is it alleged that the usual rule and notice to appear within fifteen days and to answer within thirty days were not served as prescribed by the equity rules. Equity rule 29 provides that in default of compliance with the rule to answer the plaintiff may, at his election, enter an order as of course in the cause that the bill be taken pro confesso. It further provides that in such case the cause shall proceed ex parte and the case may be placed on the next argument list and the matter of the bill may be decreed by the court, when there reached in its order, if the same can be done, without an answer, upon the allegations in the bill, which, without further proof, shall be taken as admitted. On May 17, 1909, the plaintiffs, instead of entering an order as of course taking the bill pro confesso, as they had a right to do, moved the court for judgment pro confesso and at the same time to decree certain matters of the bill. Upon this motion the court made the following order: "Motion granted and judgment pro confesso directed to be entered sec. reg." If there was irregularity in this mode of procedure it did no harm, for, as already suggested, the plaintiffs were entitled as of course to take the bill pro confesso for want of an answer. Nor did the appellant in its motion, from the refusal of which this appeal was taken, question the decree on the ground of defectiveness, or error of form or substance, or of irregularity of procedure. Its motion was to strike off the decree pro confesso and permit it to file its answer (which was presented with the motion) "setting up as it does a special defense not heretofore set up in any of the cases and which defense is particularly a special defense for the said defendant lodge." Treating the motion strictly as a motion to set aside the decree pro confesso, we think there was no error in refusing it. Equity rule 30 provides, that when the bill is taken pro confesso and the

court shall have proceeded to decree as provided in the preceding rule, such decree so rendered shall be deemed absolute, unless the court, or a law judge thereof, shall, within fourteen days after the service of notice of such decree on the defendant, set aside the same and give the defendant time for filing an answer, upon cause shown. It does not appear in the present case that notice of the decree was served on the defendant, although the learned judge says in his opinion that he believed the defendant's counsel had notice of it at the time it was entered. Be that as it may, the defendant waived service of such notice by its motion, which was made on June 28, 1909, to set aside the decree. But in the absence of proof that notice of the decree was served on the defendant, the defendant's motion could not be dismissed upon the ground that it was not made in time, under the equity rule, and we do not understand that this consideration entered at all into the judge's ruling refusing the motion. It is to be observed, however, that while the courts exercise considerable liberality in the disposition of the motion to set aside a decree pro confesso, particularly where a meritorious defense is sought to be set up, yet the motion is not to be granted as matter of course, but only upon cause shown. Referring to the dates when the bill was filed and the decree was entered, it will be seen that the defendants were guilty of great laches. No explanation was made to the court for the delay, nor is any excuse therefor apparent in the nature of the case. The single "cause shown" in the motion was the fact that this appellant had a special defense which had not been set up in the other similar cases, growing out of the affairs of this building and loan association, that had been before the court. The learned judge took an extremely liberal view when he said that if he were satisfied that the defendant had a special defense that had a reasonable chance of prevailing he would be disposed to relieve the defendant from the consequences of its default, although of a rather aggravated character, if he

could find any legal or equitable excuse for doing so. But upon reconsideration of the question in this view he concluded that there was no such difference between this case and those that had been previously adjudicated as would justify him in taking off the default. Such differences as did appear were carefully considered and shown to be insufficient to defeat the right of the plaintiffs to have refunded any excess payments made to the defendant on its stock. The substantial questions raised by the answer proposed to be filed, as well as the question of jurisdiction raised on the argument of this appeal, were elaborately considered in Kurtz v. Bubeck, 39 Pa. Superior Ct. 370. For the reasons above suggested, taken in connection with those set forth more at length in the clear and satisfactory opinion of the learned judge below, in which we concur, we conclude that no error was committed in refusing to strike off the decree pro confesso.

The order refusing the motion to strike off the order or decree that the bill be taken pro confesso is affirmed at the costs of the appellant.