## Black et al., Executors, *v.* Hoffman et al., Appellants.

Submitted September 28, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Maurice P. Breene* and *Quincy D. Hastings,* submitted brief for appellants.—No inspection was necessary or could be required by a decree pro confesso un-

til and after the petitioners in the main action knew whether they would be compelled to further litigate.

There could very well be numerous circumstances under which a decree pro confesso to produce a paper would be unjust and impossible.

*G. G. Martin* and *Breene & Jobson,* submitted brief for appellee.—The procedure leading up to the entry of the final decree was in compliance with the rules of court.

It is nowhere alleged that it is impossible to produce the contract asked for.

OPINION BY MR. JUSTICE MAXEY, November 28, 1932:

This is an appeal from a decree in equity taken pro confesso against the defendants in default of appearance and answer. The facts are reviewed in the preceding opinion which was indexed in the court below as No. 196, March Term, 1932. Therefore it is not necessary to review the facts in this opinion. The court below held that the bill for discovery was a proper method and procedure and in proper form and contained the necessary averments, that the processes and procedure upon the bill ending with the final decree were complete and regular and that the defendants' exceptions to the final decree should be overruled and dismissed.

This conclusion on the part of the court below is in accordance with Equity Rules 50 and 51. In the brief for appellants it is stated "there might and very well could be numerous circumstances under which a decree pro confesso to produce a paper would be unjust and impossible; the contract might be lost or destroyed; it might not be in the possession of the appellants, or in the possession of persons who would deliver it to the appellants or who could be made to deliver except by subpœna or some other process of court."

Nowhere in the record is there any averment that the things which appellants argue might and could happen have happened. If it is impossible to produce the chal-

lenged document, the court below has power, under Equity Rule No. 51, to open the final decree which it entered and to permit defendants below (that is, appellants here) to answer over, upon cause shown, and on such terms and conditions as to trial, continuance and costs as to the court shall seem meet.

The decree is affirmed at appellants' cost.