Conley, Exrx., Appellant, v. Conley et al.

Argued October 6, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*R. B. Ivory,* of *Ivory & Ivory,* for appellant.

*W. W. Stoner,* with him *G. R. Speer,* for appellee, was not heard.

PER CURIAM, December 8, 1933:

Mae Conley, executrix of Anna Williams Conley, deceased, appeals from a decree of the Court of Common Pleas of Allegheny County declaring a judgment of the McKees Rocks Trust Company a lien upon real estate, record title to which, at the time of its entry and for many years thereafter, was held by decedent's husband, Thomas J. Conley, but which, by a decree pro confesso entered in 1926, was adjudged the property of the wife. No useful purpose can be served in considering in detail the numerous assignments of error filed by appellant, for despite the involved and protracted nature of this litigation, the undisputed facts show beyond the shadow of a doubt that justice was done between the parties by the decree entered in the lower court.

Thomas J. Conley became the record title holder of two pieces of real estate situated in the Borough of McKees Rocks in 1888 and 1905 respectively. Upon this land three houses were built. Title remained in him continuously until 1926, with the exception of six months from September 19, 1913, to March 19, 1914,

when the property was held by his wife, having been conveyed to her through a straw man. In 1921 Conley borrowed from the McKees Rocks Trust Co. $10,450, giving in return therefor a sixty-day judgment note, upon which judgment was entered by the trust company July 11, 1921, and revived by scire facias in 1926. During this time the principal of the note was reduced by Conley in the amount of $500.42, leaving approximately nine thousand nine hundred and fifty dollars unpaid.

On October 29, 1926, through the same counsel now prosecuting this appeal, Mrs. Conley presented her bill, to which her husband made no answer, asking to have the conveyance of 1914, by which title reverted to her husband, declared null and void on the ground of fraud. The matter was heard before MACFARLAND, J., who granted the relief prayed for by decree pro confesso. The decree, however, saved the rights of mortgagees or purchasers, and directed that a notation of the decree be made in the recorder's office of Allegheny County, upon the margin of the record in the deed book. The marginal note directed by the decree to be made was never entered.

In 1928 the trust company, having issued execution and levied upon the property, thereupon bid it in at sheriff's sale, but has not paid its bid or procured the deed, on account of the situation created by the decree pro confesso. The sheriff's vendee presented its petition in the court of common pleas, October 22, 1929, alleging the decree pro confesso to be collusive and the final decree entered thereon a fraud upon its rights, and asking that the decree be opened and petitioner allowed to intervene as a defendant. On October 26, 1929, Anna Williams Conley died, and her daughter Mae Conley, executrix and trustee under her will, was substituted as plaintiff. The trust company was permitted to intervene as a party defendant and was directed to file an answer. This relief was indubitably within the sound discretion of the court. See Kurtz v. Farrell, 44 Pa. Superior Ct. 355; McEvoy v. Quaker City Cab Co., 267 Pa. 527.

The case eventually came up for trial before the chancellor who found the facts substantially as outlined in this opinion. The final decree pro confesso was not vacated or set aside, but a new decree was handed down declaring the earlier one to be in fraud of the McKees Rocks Trust Co., whose judgment was and is accordingly a valid lien upon the property in question. No other conclusion was possible. The decree pro confesso was entered in 1926 without notice to the trust company at a time when Mr. and Mrs. Conley were living together and both must have known of the judgment outstanding and its lien upon the property. The rights of the trust company had accrued long before the decree adjudicating the ownership of the property, and could not be divested, under the circumstances above set forth, by a proceeding to which the company was not a party and of which it had no notice.

The decree is affirmed at appellant's cost.