Black et al. *v.* Hoffman et al. (Exchange Bank & Trust Co., Appellant).

Submitted September 29, 1936.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Thomas C. Cochran, H. Carl Wasson, A. R. Osmer* and *N. F. Osmer,* for appellant.

*G. G. Martin* and *Breene & Jobson,* for appellees.

OPINION BY MR. JUSTICE MAXEY, November 23, 1936:

On May 29, 1935, the plaintiffs, Charles N. Black and Ella Cross Black, his wife (landowners) and one Clyde L. Irwin, their lessee, filed in the Court of Common Pleas of Venango County, sitting in equity, their bill of complaint against H. E. Hoffman, M. A. Gibson, F. L. Forrester and The Exchange Bank and Trust Company of Franklin, Pa. (hereinafter referred to as the Bank), to restrain them or either of them from removing or attempting to remove any of the oil well equipment on the described premises, and from pulling or attempting to pull from any of the wells thereon any of the rods, pumping equipment, tubing and casing therein; and to restrain the Bank from selling or attempting to sell on any execution against H. E. Hoffman, any part or alleged interest in the oil well equipment on the premises; and for a decree adjudging and decreeing that the property be and is the property of Charles N. Black and Ella Cross Black.

Separate answers were filed by defendants, Hoffman, Gibson and Forrester, jointly, on August 19, 1935. The Bank (whose only interest was that of mortgagee of the interest, and execution creditor, of H. E. Hoffman) filed its answer on December 7, 1935. A preliminary injunction was granted on May 25, 1935, and the personal property was given into the possession of the plaintiffs. The injunction was continued to June 20, 1935, and until the further order of the court. On the same day the lien of the Bank, by reason of its execution levied on the property, was ordered to remain and continue until final hearing and disposition of plaintiffs' bill. On April 20, 1936, the chancellor entered a decree nisi adjudging that Clyde L. Irwin had no such interest as entitled him to relief and dismissed the bill as to him, and that the defendants had not abandoned the property placed by them upon the land and were therefore entitled to remove the

same under prescribed conditions. Exceptions to the decree nisi were filed and the court sustained them. It adjudged and decreed that all of the oil well equipment upon the premises was the property of the plaintiffs, Charles N. Black and his wife, and that Hoffman, Gibson, Forrester and the Bank had no right, title or interest in and to the same. The Bank appealed. The other defendants did not.

An oil and gas lease upon the land described in the bill was executed and delivered by Harriet B. Cross and Laura B. Cross, to one E. B. Gordon, on November 8, 1906, for a period of fifteen years. This was afterwards extended for ten years, or until November 8, 1931. By sundry conveyances or assignments this lease became vested, prior to November 23, 1927, in Hoffman, Gibson and Forrester, the interest of Hoffman being one-half.

The leasehold was developed for oil and about thirty oil wells were in operation. On November 23, 1927, Hoffman executed and delivered to the Bank his bond and mortgage, and, by that mortgage, assigned to the mortgagee, as collateral security for his indebtedness, inter alia, all of his interest of, in and to, the leasehold and the oil wells, buildings, fixtures and machinery, and all boilers, derricks, tanks, etc.

On or about November 6th, 1930, before the end of the term of the extended Gordon lease, the then owner of the fee, Laura Cross Black, executed and delivered to Clyde L. Irwin, a lease of the same land for oil and gas production. The term of this lease was twenty-five years from the 8th of November, 1931. It contained a proviso that if "the party of the second part shall purchase the wells now on said premises he shall have one year from the date of such purchase to fix up and put the wells now on said premises in order, and the beginning of the term for drilling the new wells shall be postponed for one year from the date of purchasing the old wells." Hoffman, Gibson and Forrester, however, remained in possession of the demised premises and continued as before to oper-

ate the wells thereon down to and after November 8, 1931. An action in ejectment was instituted against them on November 30, 1931, by Clyde L. Irwin. He also, on March 2, 1932, presented to the court his petition, alleging waste and asking for a writ of extrepement and the appointment of a receiver. On April 14, 1932, the writ was allowed and a receiver appointed. This was subsequently revoked and the defendants restored to possession, upon furnishing bond, approved by the court, to indemnify the plaintiff against loss. The ejectment suit went to trial and on December 5, 1934, resulted in a verdict in favor of the plaintiff and against the defendants for the land described in the writ. The court subsequently set this aside and granted defendants' motion for judgment n. o. v. Plaintiff appealed to this court. Here the judgment of the court below was reversed and judgment entered for plaintiff on May 13, 1935.

Various phases of the litigation between the parties to this action have been before us during the past few years. The last opinion we wrote on this litigation was in *Hoffman's Appeal*, 319 Pa. 1, 179 A. 38, in which we said, inter alia: "As we review this case for the fourth time during the last two and a half years, we are impelled to the conclusion that these claimants are endeavoring, without any substance of right, to retain possession of 115 acres of land containing oil and gas, their lease on which expired November 8, 1931. Their assertion that this lease was extended on November 23, 1915, for an additional period of ten years beyond November 8, 1931, bears such an appearance of spuriousness as to make no appeal to a chancellor's conscience." The claimants in that case were H. E. Hoffman, M. A. Gibson and F. L. Forrester.

The only question now remaining to be decided is whether or not these claimants have the right to take off of the premises in question the equipment which they had used on the premises for the purpose of producing

oil. Plaintiffs allege that serious and irreparable damage will be done to the oil-bearing sand if this equipment is taken off.

The lease dated November 8, 1906, for a term of fifteen years, contained the following provision: "The party of the first part to grant to the party of the second part the right to remove any machinery, buildings or fixtures placed on said premises by the said party of the second part." There was no express limitation as to the time of removal. By an agreement made May 22, 1911, this lease was extended (as above noted) for an additional period of ten years, to November 8, 1931. Defendants' rights to remain on the premises in question therefore ended on the 8th of November, 1931. They remained in possession of the premises three and a half years after their right to do so had ended. The Bank has never had any title or interest to the leased premises except as mortgagee of the interest of H. E. Hoffman, and therefore its rights can rise no higher than Hoffman's. Lessees did not remove their equipment or vacate the premises at the expiration of their lease, but attempted to assert a right to continue in possession by virtue of an agreement alleged to have been made in 1915 between Hoffman and the landowners on that date. The court below correctly found that "the said agreement of November 23, 1915, was a false, fictitious and forged instrument," that "the assertion by the defendants, Gibson, Forrester and Hoffman, of the right to continue in possession of the premises by reason of said alleged instrument of November 23, 1915, was the assertion of a false and fraudulent claim . . . and was a fraud upon the landowners," and that "the landowners never directly or indirectly agreed to extend the time for the removal of the equipment from said premises, or directly or indirectly consented to the maintenance of the equipment thereon by the defendants for any of the defendants' purposes, except in so far as the acceptance of royalty indicates as-

sent." See the opinion of this court in *Black et al., Exrs., v. Hoffman et al.,* 312 Pa. 89, 91, 165 A. 489.

It was the contention of defendants that since their lease granted them "the right to remove any machinery, buildings or fixtures placed on said premises by the said party of the second part," they could remove the same *at any time.* The court below correctly held otherwise and determined the issue in accordance with the decision of this court in *Shellar v. Shivers,* 171 Pa. 569, 33 A. 95. In that case this court, adopting the opinion of the court below, held that defendants had no right to remove the equipment used in oil and gas production nearly four years after the lease had expired. The opinion of the lower court in that case reads, inter alia, as follows: "I do not think that there can be any doubt that the casing in an oil or gas well, the derrick and other appliances used in drilling and operating it are trade fixtures, and can be removed by the owner or lessee during the term of the lease. On the other hand, I think there can be no doubt that they are such fixtures that they become the property of the landowner if not removed by the lessee during the term, or at least within a reasonable time after its expiration. . . . It is claimed that the words at 'any time,' must be given their fullest meaning, and that the defendants' right to remove fixtures by agreement of the lessor was unlimited as to time; and that although their entry to remove the casing was made four years after the lease expired and five years and six months after the well was completed and found to be of no use as an oil and gas well, yet their entry and purpose were lawful as they had the right to remove any or all fixtures at any time. . . . If, under the words 'at any time,' the lessee could take four years after the expiration of the lease to remove his fixtures, he could as well take twenty years."

The decision in that case is decisive of the question now before us.

The decree is affirmed, at appellant's cost.