## United Natural Gas Company *v.* James Brothers Lumber Co. (Lamont Chemical Co., Appellant) et al.

Argued January 5, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Samuel Wilson, A. A. Geary* and *Gregory, Driscoll & Coppolo,* for appellant, submitted a brief.

*F. J. Woods,* with him *W. Pitt Gifford,* for appellee.

OPINION BY MR. JUSTICE STERN, March 22, 1937:

Plaintiff filed a bill in equity alleging that in 1891 it purchased from Mary James et al. all the natural gas in a tract of land in Elk County known as warrant 3788, together with gas wells and equipment then on the property; that the deed of conveyance excepted and reserved to the grantors, their heirs and assigns, the right to take from well No. 1 then drilled on the premises sufficient gas to run the Lamont Chemical Company Works (which was located on the land) and to furnish light and heat for the houses connected therewith, and in case the gas from well No. 1 should not be sufficient, the grantors, their heirs and assigns, might drill other wells so as to procure enough gas for the purpose designated; that plaintiff took possession and drilled 18 additional

wells; that subsequently the grantors conveyed the surface title to James Brothers Lumber Company, including the excepted and reserved right to gas; that the Lumber Company in 1896 entered into an agreement with the Lamont Company to supply it with the gas necessary for its works; that the Lumber Company and the Lamont Company drilled and equipped 10 additional wells to obtain gas for the chemical works and to heat and light the houses of the employes; that in 1923 the Lamont Company ceased its manufacturing operations and thereafter gradually dismantled its factory buildings; that in 1928 all the right, title and interest of the corporate defendants in and to warrant 3788 were sold by tax sales to the County Commissioners of the County of Elk, and in 1933 the County of Elk conveyed the title to defendant J. L. Trambley; that the last well drilled on the premises by defendants was in 1918, and for more than ten years defendants' wells and equipment have not been repaired, with the result that water has been flooding the gas-producing sand, damaging plaintiff's wells, and causing the escape daily of large quantities of gas.

The bill prayed for a decree declaring that defendants had abandoned the right excepted and reserved in the deed from Mary James et al., restraining them from taking any further gas from the premises, and requiring them to repair their wells so as to prevent further flooding of the sand and escape of the gas.

The bill was filed July 3, 1935. On July 25, 1935, counsel for Trambley, and on July 29, 1935, counsel for the corporate defendants, entered their appearance. On September 14, 1935, Trambley filed an answer to plaintiff's bill. On October 17, 1935, plaintiff moved for a decree pro confesso against the other two defendants for want of an answer, and the court entered such decree. It declared that these defendants had abandoned their right to take gas from warrant 3788, and ordered them, within sixty days, to put the wells drilled by them in

such condition that water would not flood the sand nor gas escape; if they failed to do this plaintiff was empowered to take possession of the wells and maintain and operate them as owner thereof.

On November 20, 1935, plaintiff and Trambley filed of record a stipulation of settlement, reciting that Trambley, by quit-claim deed, had released to plaintiff all his right, title and interest to the natural gas in and under warrant 3788, together with the wells and their equipment. The suit was thereupon discontinued as to Trambley.

On December 31, 1935, the corporate defendants took a rule on plaintiff to show cause why the decree pro confesso should not be set aside. The court discharged the rule, without prejudice to the right of the petitioners to move for a modification of the decree. Accordingly, a motion was made to amend the decree, but it was dismissed and the present appeal by the corporate defendants followed.

Rule 51 of the rules of equity practice provides that a decree pro confesso may be opened, and defendant permitted to answer over, *upon cause shown*. In the petition to set aside the decree in the present case the only excuse given by appellants for failure to file an answer was that it "was due to a misunderstanding and delay by counsel for the said two defendants and our finances." What the nature of the "misunderstanding" was, or how the matter of "finances" was involved, was not explained. Because such an allegation does not fulfill the duty to show cause, and because of the further fact that the petition was not filed until more than two months after the entry of the decree, the court below was not guilty of an abuse of discretion.

Were consideration to be given to the merits of the case these defendants would nevertheless not be entitled to relief. It is true in the petition to set aside the decree they allege that they have not abandoned their right to take gas from warrant 3788, that in fact they are now

using the gas to a limited extent, that plaintiff's statement as to the dismantling of the chemical works and discontinuance of manufacturing operations is not correct, and that the wells drilled by them are not in the condition of disrepair alleged by plaintiff. It is also true that, even on the allegations contained in the bill, a court could not declare as a matter of law that defendants had abandoned their right. Mere non-user does not constitute abandonment; there must be an intention to abandon, together with "external" acts by which such intention is carried into effect; ordinarily this raises a question of fact to be determined by a jury: *Llewellyn v. Phila. & Reading Coal & Iron Co.*, 308 Pa. 497, 501-2. But appellants *did* lose their rights by the tax sales under which the Commissioners of the County of Elk obtained title. The property was sold as that of the corporate defendants, and the title carried with it the right to take the gas for the use of the chemical works as excepted and reserved out of the deed from Mary James et al. in 1891. It is not necessary to determine whether that privilege was an ordinary easement or a right of profit a prendre; in either event it was an incorporeal right annexed to the land: *Grubb v. Grubb*, 74 Pa. 25, 33; *Sylvan Green Marble Co. v. Williams & Company*, 85 Pa. Superior Ct. 515, 521-2. As an appurtenance it passed under the judicial sale: *Wright v. Chestnut Hill Iron Ore Co.*, 45 Pa. 475; *Richmond v. Bennett*, 205 Pa. 470. Therefore, when the County of Elk conveyed title to defendant Trambley and the latter in turn to plaintiff, the servient and dominant tenements became merged, plaintiff became the owner of the right excepted and reserved in the deed of 1891, and none of the defendants any longer had any right, title or interest therein.

The equipment and appliances used in connection with the wells are trade fixtures: *Shellar v. Shivers*, 171 Pa. 569; *Robinson v. Harrison*, 237 Pa. 613. Since, however, the title of defendants was lost by the tax sales as

long ago as 1928, they have had abundant opportunity to remove the equipment, and having failed to do so there is no basis upon which they should be allowed to assert such right at this late time: *Shellar v. Shivers*, supra; *Black v. Hoffman*, 324 Pa. 193. On the other hand, there is no legal justification for now compelling them to put the wells into a condition of repair. In that respect the decree of the court below should be modified; otherwise it is affirmed. Costs to be paid by appellants.