## Matz *v.* Fazio, Appellant.

Argued March 1, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Rocco C. Falvello,* with him *Conrad A. Falvello,* for appellant.

*James P. Costello, Jr.,* for appellee.

OPINION BY KELLER, P. J., April 15, 1937:

On December 31, 1935 Rachael Matz caused a summons in equity to issue against Rachael Fazio, under the Act of June 5, 1915, P. L. 847, 12 PS 1223, and a bill in equity with the endorsement required by Equity Rule 33 was duly filed and served on January 8, 1936. On January 14, 1936 an appearance was entered for the defendant. No answer having been filed within thirty days after the service of the bill, the bill was taken pro confesso on February 8, 1936. The case was listed for argument for the next Equity Argument Court on February 24, 1936 and on February 28, 1936 after argument it was ordered, adjudged and decreed:

"1. That defendant did fraudulently secure from plaintiff the sum of $1500.00.

"2. That the said defendant is indebted to the plaintiff in the said sum of $1500.00 with interest on $1000.00 from February 15, 1934 and with interest on $500.00 from July 1, 1935.

"3. That the defendant pay to the plaintiff the sum of $1500 with interest, as aforesaid, within thirty (30) days from date hereof.

"4. That the defendant be enjoined and is enjoined from aliening or encumbering her real estate described in the bill as 630-632 Hayes Street, Hazleton, until this order be complied with.

"5. That the costs of this proceeding be paid by defendant."

On March 30, 1936 the defendant presented her petition and obtained a rule to show cause why the decree

pro confesso and the final decree thereon (Equity Rule 51) should not be opened as to all in excess of $700, which defendant admitted owing the plaintiff, and the defendant be permitted to file an answer on the merits as to such excess. The plaintiff filed an answer. Testimony was taken and after hearing and argument the court discharged the rule. From this order the defendant appealed to this Court.

Plaintiff and defendant were sisters-in-law and both were greatly advanced in years, the plaintiff being nearly one hundred years old and the defendant ninety-five years. The latter could not speak, read, or understand English and all matters relating to this suit were attended to for her by her married daughter, Catherine Calibey, who lived with her.

It appears from the records in the case, and from the depositions taken under the rule, that the summons and bill were served on the defendant by handing them to her daughter, Mrs. Calibey. That the latter, acting for her mother, employed an attorney, William Gerlach, who entered his appearance for the defendant and informed Mrs. Calibey that an answer would have to be filed within thirty days after service of the bill. Another attorney had been consulted prior to the employment of Gerlach, but he had retired from the case. The defendant did not pay Gerlach the fee he had been promised, and he was informed that his services would not be required. Having entered his appearance for the defendant he felt an obligation to file the answer even though not paid his fee and offered to prepare and file it, but was told that it would not be necessary. There is no reasonable doubt that the defendant's daughter, who looked after this matter for the defendant, fully understood the necessity of an answer being filed within thirty days and deliberately neglected or refused to file it. The defendant's weakness or illness did not excuse the neglect or refusal of her daughter,—

who necessarily had to act for her—to do anything in the premises.

The petition to open was evasive in its statement of facts. The plaintiff in her bill in equity had averred that on or about February 15, 1934, she had been induced by the representations of the defendant to advance the latter certain sums of money, aggregating $1,500, of which defendant represented she would use $1,000 to pay off a mortgage on her real estate, $150 for paying taxes on said real estate, $150 to pay a bill due for paving and laying sidewalk in front of said premises, and $200 to satisfy an encumbrance on her son's motor truck, all of which defendant agreed to secure by a new mortgage on said real estate, but that she had not executed and delivered the mortgage, although requested to do so and that instead, she had fraudulently delivered to plaintiff the mortgage which had been satisfied of record and the bond accompanying the same, in the sum of $2,000, representing that they constituted the mortgage which she had agreed to give plaintiff. Plaintiff prayed that the agreement, as aforesaid, might be rescinded and for other relief in accordance with the decree subsequently entered.

In her petition to open the decree the defendant did not deny that she had made the representations alleged by the plaintiff to have been made by her, or that the plaintiff had advanced her the sums set forth in the plaintiff's bill, and that she had received them, or that she had fraudulently delivered to plaintiff as security for said loans, the bond and mortgage which had been paid and satisfied out of moneys advanced by plaintiff; she admitted "that she is indebted to the plaintiff in the sum of seven hundred dollars"; stated that "said seven hundred dollars, together with the sum of $161.44, was used to pay off the balance of $861.44 due the Middle Field Building & Loan Association upon a mortgage" and "that the balance due on said mortgage was not

the sum of $1,000 as set forth in the bill." She denied that she "borrowed the additional sum of $150 *for the purpose of paying taxes;* the taxes being paid out of rents from the property of petitioner"; and she denied that she "borrowed the additional sum of $150 *for the purpose of paving and laying sidewalk"* and averred "that the said sidewalk was laid in the summer of 1933 and was fully paid for by your petitioner"; and she denied "that the plaintiff advanced her the sum of $200 *to be given to petitioner's son* for the payment of a lien upon his truck. The petitioner's son owned a truck about five (5) years ago and has for the past six years lived in the Borough of Mahanoy City, Schuylkill County, Pa.; that he is married and works in the mines in said Borough; that he has not within the past five years owned any truck." But she did not deny that she had made the representations and had received the money as averred by plaintiff. The petition went no further than to deny that she had borrowed the additional sums of money over and above $1,000, for the purpose of paying taxes, the bill for paving and laying sidewalk, etc. If averred in an affidavit of defense to an action of assumpsit it would have been insufficient to prevent judgment. A denial that she had borrowed the money for the purposes for which, it was alleged, she had represented that she wanted it, did not amount to a denial that she had received the money from plaintiff as averred in the bill.

The record also shows that, in disregard and apparent defiance of the decree of the court, the defendant had conveyed away her real estate, after the entry and service of the decree, to her son-in-law, Anthony Calibey, for the purpose of enabling him to become surety on her appeal bond.

Since the appeal she has died and her executor, Antonio Fazio, to whom letters testamentary have been granted, has been substituted as appellant on the record.

In the circumstances here present we find no abuse of discretion in the court below in refusing to open the decree.

Order affirmed at the costs of the appellant.