## Mitchell *v.* Mitchell, Appellant.

Argued January 16, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*B. R. Stewart,* with him *H. Eugene Gardner,* for appellant.

*Arthur W. Bean,* of *Smillee & Bean,* for appellee, was not heard.

OPINION BY MR. JUSTICE SCHAFFER, March 22, 1939:

This proceeding is between husband and wife. He brought a bill in equity against her, alleging that a property, the title to which was in her, had been paid for by him, and he had made demand upon her for a deed and she had refused to comply. The prayer was that she be declared a trustee of the property for him, and that she be ordered to execute and deliver a deed to him.

The bill was filed March 7, 1935, and served on defendant the next day. On April 10, 1935, the bill was taken pro confesso, for want of an answer, and a decree was entered in accord with the prayers of the bill. June 19, 1935, an appearance was entered by an attorney for defendant. Nothing further was done by defendant for almost two years, during which time she consulted a number of attorneys. On April 23, 1937, she filed a petition for rehearing, in which she alleged she was of foreign extraction and ignorant of her legal responsibilities, and because of her ignorance no answer had been filed. This petition was met by a responsive answer, in which denial was made that she was ignorant of her legal responsibilities and because of such ignorance had failed to file an answer to the bill. It was set forth that she had been represented by counsel, prior to, and at the time the bill was filed, that negotiations for a settlement were conducted by the attorneys representing her and those representing her husband, and a settlement had been agreed upon with which she refused to comply, and that she refused to comply with the advice of other attorneys who represented her. No depositions were taken by appellant in support of her petition, or in denial of the averments of the answer. The chancellor, in disposing of the matter, states in his opinion that, a responsive answer having been filed and no depositions taken, the answer could be adjudged correct, but irrespective of this, he was of opinion that defendant's petition for a rehearing, which he treated as one to open the decree, was without merit in that she had been represented by counsel at all stages of the proceedings, and had refused to take their advice. The chancellor's conclusion was that she was not acting in good faith in seeking to open the decree, but was endeavoring to delay and harass plaintiff, who, the chancellor stated, had agreed to have the property placed in the joint names of himself and defendant, that she should have the right of possession of it during her lifetime, and the complete title, if he

predeceased her. This offer had not been accepted. The court determined sufficient cause had not been shown to lead him to open the decree. We find no abuse of discretion in the court's conclusion.

Whether a decree pro confesso should be opened is within the discretion of the court below, and if there be no abuse of discretion, the refusal to open the decree will not be reversed: *United Natural Gas Co. v. James Bros. Lumber Co.*, 325 Pa. 469, 191 A. 12; *Black v. Hoffman*, 312 Pa. 89, 165 A. 489.

Decree affirmed at appellant's cost.