## Mitchell, Appellant, *v.* Mitchell.

Argued January 29, 1940. Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Barnes and Patterson, JJ.

*H. Eugene Gardner,* with him *B. R. Stewart,* for appellant.

*Arthur W. Bean,* of *Smillie & Bean,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 25, 1940:
Appellee, husband, on March 7, 1935, filed a bill in equity against his wife, the appellant, to declare and enforce a resulting trust in real estate, title to which was in her. In due course, the bill was taken pro confesso for want of an answer and a final decree was entered in favor of appellee as prayed for.

On April 23, 1937, more than two years after its entry, appellant filed a petition to open the decree. The petition was refused, and on appeal this Court held that under the circumstances of the case, as fully set forth in the opinion reported at 333 Pa. 325, there was no abuse of discretion in the court's conclusion that there was no showing of sufficient cause to warrant the opening of the decree.

Thereafter, appellant, in a second attempt to have the decree pro confesso opened, filed a "Petition for Bill of Review" and a "Supplemental Petition for Bill of Review" in the court below, setting forth certain so-called after-discovered evidence and asking that the decree be reviewed and opened and petitioner let into a defense. The "after-discovered evidence" consisted of a letter allegedly written by appellee to the appellant subsequent to the decree pro confesso and prior to the first proceeding to open the decree, in which he admitted, contrary

to the averments of his original bill and contrary to the averments of his answer to the first petition to open the decree, that the money which was used to pay for the property in question was not his, but appellant's. The letter, it was alleged, was lost by appellant a day or two after its receipt, and, in spite of diligent search, was not found until a few days after this Court's decision affirming the refusal of the first petition to open the decree, although, as the court below points out, it does not appear that the number of appellant's papers was so great, or that her filing system was so involved that she could not have found such letter if it actually was among her papers and if she had used reasonable diligence. It is from the refusal by the court below of this second application to have the decree pro confesso and final decree thereon opened that the present appeal was taken.

Under Rule 51 of the Rules of Equity Practice, a decree pro confesso may be opened and the defendant let into a defense, upon sufficient cause shown. But as we said when this case was here before, citing *United Natural Gas Co. v. James Bros. Lumber Co.*, 325 Pa. 469, and *Black v. Hoffman*, 312 Pa. 89, whether a decree pro confesso should be opened is a matter within the sound discretion of the court below, and if there be no abuse of discretion, the refusal to open the decree will not be reversed.

Apart from any question as to whether or not the mere subsequent finding of the alleged letter constituted it "after-discovered evidence," and apart from the effect of the omission of the appellant, in the opinion of the court below, to exercise due diligence in bringing it to the court's attention, the refusal of appellant's second application to have the decree opened was clearly a sound exercise of judicial discretion.

Although there seems to be no absolute rule forbidding a second application to open a decree pro confesso in an appropriate case upon good cause shown therefor, after a first application has been denied for failure to

show such cause it is manifestly not an abuse of discretion to deny a second application where the additional or new facts therein set forth are not such as would have imperatively required a different conclusion had they been brought forth at the time of the first application. Inasmuch as the so-called "after-discovered evidence" now offered by appellant is in no way exculpatory of her inaction and delay in asserting a defense, the circumstances surrounding such inaction require this Court on the present appeal, as when the case was here before (see *Mitchell v. Mitchell,* 333 Pa. 325), to hold that the refusal of an application to open the decree was a proper exercise of the discretion vested in the court below in proceedings of this kind.

While a decree pro confesso will not be opened in the absence of a meritorious defense, since nothing would be accomplished thereby *(Matz v. Fazio,* 126 Pa. Superior Ct. 276), the mere fact that such a defense is sought to be set out against the prevailing party will not ordinarily of itself warrant the setting aside of a decree so entered. A party is not entitled to have a decree pro confesso entered against him opened as a matter of course, but only "upon cause shown," i. e., upon a showing that he is acting in good faith and that the delay in asserting the defense which he now seeks to assert, was not due to his own fault or wilful neglect: *Verstine v. Yeaney,* 210 Pa. 109; *Kurtz v. Farrell,* 44 Pa. Superior Ct. 355.

The decree is affirmed at appellant's cost.