## Barrasso v. Catarino et al.

*Sebastian U. Colbassani*, for plaintiff.
*Joseph F. Tedesco*, for defendants.

EAGEN, J., January 21, 1944.—This is a bill in equity to set aside an alleged fraudulent deed. A decree pro confesso was entered against all the defendants for want of an appearance and failure to file an answer to the bill of complaint. Subsequently the court set aside and vacated the judgment as to one of the defendants because of the failure properly to serve him with the bill of complaint before the entry of judg-

ment. The remaining defendants now request the court to open the judgment and it is with this motion that we are herewith concerned.

Plaintiff is the mother of the principal defendants and in her bill of complaint alleges that the deed involved was executed and delivered by her under the impression and with the intention that the instrument was a will rather than a deed.

Defendants now before us have filed a responsive answer denying the material allegations of the complaint and alleging that the deed involved was executed and delivered by plaintiff with complete understanding and intention. There is no doubt but that if the allegations of the answer are true the bill of complaint cannot be sustained.

Equity Rule 51 permits the court to open a judgment entered under the present circumstances. While it is within the sound discretion of the court, such a decree is not to be opened as a matter of course but only "upon cause shown": Mitchell v. Mitchell, 333 Pa. 325; United Natural Gas Co. v. James Brothers Lumber Co. et al., 325 Pa. 469.

Two of the defendants involved are minors. In the early decision of Rogers v. Smith, 4 Pa. 93, the court pointed out that a decree pro confesso in equity cannot be taken safely against minors even though a guardian ad litem has been appointed to represent their interest. The wise procedure under such circumstances, said the court, is to have the plaintiff prove his demand in court. In Brown v. Bertram, Trustee, et al., 2 Berks 85, the Berks County court held (syllabus):

"Where a bill in equity asks for the revocation of a deed of trust which secures rights to a minor, a decree *pro confesso* cannot be taken against the minor's guardian even though no appearance was entered nor answer filed on the minor's behalf."

542

We definitely believe, therefore, that the decree pro confesso should be opened as to the minors involved.

What course should be pursued as to the other defendants is more perplexing. They allege in the petition that the handling of the case was given to one who neglected it. If we were to consider this their own fault and dismiss the petition as to them, we would have a rather peculiar situation. The deed may be sustained as to some of the grantees and adjudicated fraudulent as to others. To prevent this occurrence, we believe it would be wise to open judgment as to all defendants. At the hearing all interests will be protected and the entire matter fully aired.

Wherefore, January 21, 1944, the rule heretofore granted to show cause why the decree pro confesso entered in the above-entitled case should not be opened as to all the defendants and said defendants allowed to enter a defense to the merits is made absolute. An answer on the merits having been filed to the bill of complaint, the matter is directed to proceed in accordance with the Equity Rules.