**Williamson v. Williamson**

414

*Dean L. Foote,* for plaintiff.

*Frederick J. Lanshe,* of *Lanshe & Lanshe,* for defendants.

WIEAND, J., July 30, 1971.—Plaintiff, Thomas H. Williamson, and defendant, Catherine Rose Williamson, are husband and wife. The other defendants in this action in equity are their daughter and son-in-law, Barbara Jean and Dennis Mankos. On May 6, 1955, Thomas and Catherine Williamson acquired title as tenants by the entireties to real estate known as no. 389 Gordon Street, Allentown, Pa. They made this property their home and continued to reside there together until approximately three and a half years ago. At that time, plaintiff left the marital domicile in favor of an adulterous relationship with another woman. This meretricious relationship was subsequently terminated, but not before a child had been born as a result thereof. Plaintiff is currently keeping company with yet another girl friend.

While plaintiff was absent from the marital home, the entireties property was occupied, with plaintiff's express consent, by his wife and also by his daughter and son-in-law. Defendants paid the taxes and insurance on the home and also kept the same in repair. There are no encumbrances against the same.

Plaintiff is subject to two support orders entered in

the Court of Common Pleas of Lehigh County. The first order requires plaintiff to pay weekly the sum of $40 for the support of his wife, Catherine Williamson; and the second compels him to pay $15 per week for the support of his illegitimate child. Having found these orders to be financially onerous, he turned to his wife for relief. Thus, he requested that she execute an agreement which would release him from the duty to provide further support of her. He threatened to move back into the marital home if his wife refused to sign such release. She did not sign the release.

On June 19, 1971, after working until midnight, plaintiff drove to the entireties property, entered the home and announced that he intended to make it his residence. An argument ensued between plaintiff and his son-in-law, the police were summoned, and plaintiff was ejected.

The present action in equity was instituted to obtain an injunctive order permanently restraining defendants from interfering with plaintiff's right to peaceful possession of the entireties property. No other relief has been requested, and plaintiff's attorney advises that plaintiff does not desire any other form of relief. The effect of the decree which he seeks, if granted, would be to compel his wife to accept her unfaithful husband once again into the residence where she and her daughter make their home. The reason for the relief requested, as plaintiff candidly conceded at the hearing before the chancellor, is to force his wife into a position where she must yield to his request for relief from the support order. His wife testified at the same hearing that she would permit her husband to return to the marital domicile if he will give up his philandering and resume the marital relationship. Plaintiff did not accept these conditions.

Plaintiff cites the rule that once a tenancy by the

entireties has been created, neither spouse can appropriate to his or her own use the property held in such tenancy and the only appropriation which can be justified is one made in good faith for the mutual benefit of both parties to the tenancy: Berhalter v. Berhalter et al., 315 Pa. 225, 227-228; Shapiro v. Shapiro, 424 Pa. 120, 136. He relies upon the *dictum in* several cases that a court of equity will enforce by injunctive order the right of one tenant by the entireties to equal use, enjoyment and possession of the jointly owned property. See Lindenfelser v. Lindenfelser, 396 Pa. 530, 536; Flood v. Flood, 43 D. & C. 2d 283, 292; Benckini v. Benckini, 37 D. & C. 2d 351, 356. He argues that his motives are irrelevant and that the chancellor should not consider the same in granting relief.

An injunction is a drastic and extraordinary remedy to be granted or denied in the sound discretion of the court, under the circumstances of the particular case. It is the duty of the court to take into consideration the conduct and situation of the parties to determine whether the relief should be given: Rick et al. v. Cramp et ux., 357 Pa. 83; 18 P.L.E., Injunction, §2. Plaintiff must show that he is equitably and in good conscience entitled to relief by injunction in addition to showing grounds for relief: 43 C.J.S., Injunctions, §26. As was said in Orne v. Kittanning Coal Co., 114 Pa. 172, 182, and again in Hick v. Peoples-Pittsburgh Trust Co. et al., 340 Pa. 248, 252: "It is one of the elementary and fundamental principles of equity, that 'he who seeks equity must do equity,' and another, that 'he who comes into equity, must come with clean hands'; the doors are shut against one, who , in his prior conduct in the very subject matter at issue, has violated good conscience, good faith or fair dealing." in Black et al. v. Hoffman et al., 312 Pa. 89, 92, the court said: ". . . whenever a party, who, as *actor* seeks to set the judicial

machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him *in limine;* the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy."

"This maxim," said the Supreme Court of the United States in Precision Instrument Mfg. Co. et al. v. Automotive Maintenance Machinery Co., 324 U. S. 806, 814-815, 65 S. Ct. 993, 997, 89 L. Ed 1381, 1386, "is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant. That doctrine is rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith. . . Thus while 'equity does not demand that its suitors shall have led blameless lives' . . . as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue. . .

"This maxim necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant." See also Shapiro v. Shapiro, 415 Pa. 503, 506-07.

In the instant litigation, plaintiff has failed to demonstrate that equity and good conscience entitle him to the relief which he seeks. An injunctive order is not sought in good faith so that he may once again reside upon, possess and maintain the entireties property. It is not sought for the purpose of preserving plaintiff's property rights. His admitted purpose is to obtain a decree which, because of the odious consequences necessarily flowing therefrom, will force his wife to release him from any further obligation of support. When she

has done so, he intends to remove himself once again. Coming as it does, after plaintiff had voluntarily surrendered full use, control and maintenance of the entireties property to his wife in order to establish an extra-marital relationship which was both illegal and immoral, plaintiff's nefarious scheme does not recommend itself to equity and good conscience. Plaintiff has not acted fairly and in good faith with his wife or with the court. He does not come with clean hands.

Moreover, an order compelling Catherine Williamson to accept her philandering husband back into the marital domicile under the circumstances of this case and while the parties remain estranged would do far more mischief and work greater injury than the wrong which she is alleged to have committed by ejecting him. Under such circumstances, an injunction will not be granted: Smith v. Rowland, 243 Pa. 306; Broshahan v. Minnig, 45 Schuylkill L. R. 17.

For these reasons, the chancellor concludes that plaintiff is not entitled to injunctive relief in this action. This conclusion makes it unnecessary to determine whether plaintiff was wrongfully excluded from entireties property under the circumstances of this case: Flood v. Flood, supra. Plaintiff's rejection of any other relief also makes it unnecessary to consider the possible application of the doctrine of a fictional offer to terminate and divide the entireties property as articulated in Stemniski v. Stemniski, 403 Pa. 38, 42, and held applicable to entireties real estate in Shapiro v. Shapiro, 424 Pa. 120, 136, and Miller v. Miller, 44 D. & C. 2d 399.

The following will be entered as the

## DECREE NISI

Now, July 30, 1971, it is ordered that plaintiff's complaint in equity be and the same is hereby dismissed. Costs to be paid by plaintiff.

If no exceptions are filed to the foregoing adjudication within 20 days after notice of filing the same shall have been given to counsel for plaintiff, the decree nisi shall be entered by the prothonotary on praecipe as the final decree.